CHRISTOPHER D. SULLIVAN (148083)
STACEY L. PRATT (124892)
ROXANNE N. BAHADURJI (290117)
**SULLIVAN BLACKBURN PRATT LLP**
456 Montgomery Street, Suite 900
San Francisco, CA 94104
Phone: (415) 691-4518
Email: csullivan@sullivanblackburn.com
spratt@sullivanblackburn.com
rbahadurji@sullivanblackburn.com

*Counsel for Prithvi Investments, LLC*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>HANSABEN INVESTMENTS, LLC<br>a California Limited Liability Company<br><br>        Debtor in Possession.<br><br>In re:<br><br>PRITHVI INVESTMENTS, LLC<br>a California Limited Liability Company<br><br>        Debtor in Possession.<br><br>In re:<br><br>RUDRA INVESTMENTS, LLC<br><br>        Debtor in Possession.<br><br>  Affects All Three Debtors in Possession<br>  Affects Hansaben Investments, LLC Only<br>X Affects Prithvi Investments, LLC Only<br>  Affects Rudra Investments, LLC Only | CASE NO.: 22-30259<br><br>Chapter 11<br><br>DEBTOR IN POSSESSION'S MOTION FOR ORDER UNDER BANKRUPTCY CODE 1112(b) DISMISSING PRITHVI INVESTMENTS, LLC's CHAPTER 11 CASE<br><br>Date:     September 30, 2022<br>Time:    10:30 a.m.<br><br>Judge:   Judge Dennis Montali<br><br>LOCATION: Via Tele/Videoconference, www.canb.uscourts.gov/calendars |

Prithvi Investments, LLC ("Prithvi LLC" or "Debtor in Possession") in the above-referenced case, respectfully moves the Court for an order under Bankruptcy Code 1112(b) dismissing this Chapter 11 case. This is supported by the record before the Court and by the following:

**A. BACKGROUND FACTS**

This case was commenced by filing a voluntary chapter 11 petition on May 25, 2022. Prithvi LLC owns and operates a Quality Inn & Suites at 3000 Santa Rosa Avenue, Santa Rosa, CA. Prithvi LLC commenced this bankruptcy to deal with the challenges presented by the COVID 19 pandemic. With the decline in room revenue and other issues brought on by the pandemic, it became increasingly difficult for Prithvi LLC to service its debt. Prithvi LLC's largest creditor is Poppy Bank. Prithvi LLC believed it had no choice but to file for bankruptcy and attempt to reorganize after Poppy Bank recorded a notice of default and election to sell on one of its loans securd by the hotel property and subsequently filed a complaint in state court to appoint a receiver.

Prithvi LLC is in possession of the estate and is operating as a Debtor-in-Possession. On June 13, 2022, Poppy Bank filed a motion for relief from the automatic stay (Dkt. No. 59). On June 29, 2022, Prithvi LLC filed an opposition to the motion (Dkt. No. 72). Following a hearing held on June 30, 2022, Debtor-in-Posession filed a term sheet of a proposed Chapter 11 plan of reorganization (Dkt. No. 78). At a hearing held on July 21, 2022, the Court ordered Prithvi LLC to file a combined Chapter 11 plan and disclosure statement, as well as scheduled a combined hearing for August 15, 2022 on the relief from stay motion and tentative approval of the combined plan and disclosure statement. On August 1, 2022, Prithvi LLC filed its Combined Chapter 11 Plan of Reorganization and Disclosure Statement (Dkt. No. 84). A hearing was held on August 15, 2022 and continued to August 18, 2022. At the August 18 hearing, counsel for the Debtor-in-Possession and counsel for Poppy Bank agreed to file a stipulation granting relief from the automatic stay. Prithvi LLC was to file a motion to dismiss.

On August 22, 2022, the stipulation for relief from the stay between Poppy Bank and Prithvi LLC was filed (Dkt. No. 98). The stipulation among other things provides that: Poppy

Bank is immediately relieved of and from the automatic stay and may exercise all rights and remedies in accordance with applicable law, including completing a foreclosure sale; Poppy Bank may dispose of its collateral pursuant to applicable law and use the proceeds from its disposition to satisfy its claim; pending completion of the foreclosure sale, Prithvi LLC shall continue to operate the hotel in a proper fashion consistent with the cash collateral order entered by the Court; that the effective date of any order of dismissal of this case, entered following the filing of a motion to dismiss, shall not be until after consummation of Poppy Bank's foreclosure sale; Poppy Bank agrees not to oppose a motion to dismiss. On August 28, 2022, the Court entered an order granting relief from the automatic stay upon the stipulation (Dkt. No. 100).

On August 15, 2022, NFS Leasing, Inc. filed a motion for relief from the automatic stay (Dkt. No. 89). Prithvi LLC's hotel is furnished partly by equipment owned by NFS Leasing pursuant to a Master Equipment Lease. On Septemner 1, 2022, Prithvi LLC and NFS Leasing by and through their counsel entered into a stipulation (Dkt. No. 103). Among other things, the stipulation provides that: NFS Leasing is not adequately protected because Poppy Bank obtained relief from the automatic stay allowing it to foreclose on the property where the equipment is located; NFS Leasing is relieved of and from the automatic stay and may exercise all rights under applicable law; NFS Leasing may dispose of the equipment under applicable law; the Debtor shall make the premises reasonably available to NFS Leasing so that NFS Leasing may remove the equipment prior to the foreclosure; and the 14 day stay is waived because Poppy Bank's foreclosure sale is scheduled for September 16, 2022.

**B. RELIEF REQUESTED**

By this motion, the Debtor requests that the Court enter an order dismissing this case. The dismissal requested is simple and straightforward. No relief is sought other than dismissal of this Chapter 11 case. Pursuant to the order approving the stipulation regarding Poppy Bank's relief from stay, any order dismissing this case shall have an effective date of after the foreclosure sale is completed. Creditor priorities remain unchanged. Property rights are restored to the position in which they were found at the commencement of the case.

## C. LEGAL ARGUMENT

### 1. Cause Exists to Dismiss Case

Under Bankruptcy Code § 1112(b)(1), a bankruptcy court must dismiss a case for cause. "[O]n request of a party in interest, and after notice and a hearing, the court shall…dismiss a cause under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]" Bankruptcy Code § 1112(b)(4) contains a non-exhaustive list of 16 separate grounds for dismissal. The first of these grounds, § 1112(b)(4)(A), is a "substantial or continuing loss to or diminution of the estate and the absence of reasonable likelihood of rehabilitation."

Prithvi LLC recognizes that there are significant impediments to its ability to reorganize, including outstanding real property taxes, transient occupancy taxes, and of course, Poppy Bank. While Prithvi LLC in good faith filed this bankruptcy and put forward a reorganization plan, it recognizes the challenges presented by the Debtor's cash flow and the confirmation difficulties given Poppy Bank's opposition to the Debtor's reorganization efforts. Poppy Bank has obtained relief from the automatic stay to foreclose on the hotel. There is a foreclosure sale scheduled for September 16, 2022, and by the time this motion is heard, the foreclosure is likely to have taken place. There is nothing left to reorganize once the foreclosure takes place. Additionally, NFS Leasing has also obtained relief from the automatic stay to proceed with its rights under the applicable lease and applicable law.

With each day that passes, administrative claims continue to accrue diminishing the estate. For these reasons, including the absence of a reasonable likelihood of rehabilitation and the fact that a Chapter 11 plan is not presently feasible, cause exists to dismiss this case under § 1112(b)(4).

### 2. Best Interests of Creditors.

Dismissal serves the best interests of the Debtor's creditors. Once a movant establishes "cause" under § 1112(b), a bankruptcy court must consider the next question of whether to dismiss or convert it to a Chapter 7.

Dismissal is preferrable to conversion. Poppy Bank is swiftly moving to foreclose on the hotel. The order approving the stipulation between Prithvi LLC and Poppy Bank provides that the

effective date of the order dismissing this case shall not be until after Poppy Bank's foreclosure sale is completed. Thus, the order dismissing this case will only come after a foreclosure sale of the hotel is completed. Moreover, NFS Leasing has obtained relief from the automatic stay to remove equipment from the hotel. Under a chapter 7, there will be no assets for the chapter 7 trustee to liquidate and distribute to general unsecured creditors, and the estate would be incurring professional fees and expenses. The Debtor believes that dismissal is a superior alternative to conversion because it avoids a costly and time-consuming Chapter 7 process.

**D. CONCLUSION**

For the foreging reasons, the Debtor respectfully requests that the Court dismiss this Chapter 11 case.

Dated: September 8, 2022                                          SULLIVAN BLACKBURN PRATT, LLP

*/s/ Christopher D. Sullivan*
Christopher D. Sullivan
Attorneys for Debtor-in-Possession
Prithvi Investments, LLC